IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX BENDER,<br><br>    Plaintiff<br><br>v.<br><br>NORFOLK SOUTHERN<br>CORPORATION, and NORFOLK<br>SOUTHERN RAILWAY COMPANY,<br><br>    Defendants | No. 1:12-CV-01198<br><br><br><br><br><br>SYLVIA H. RAMBO |

# **M E M O R A N D U M**

Presently before the court are two motions in limine filed by Norfolk Southern Corporation and Norfolk Southern Railway Company (collectively "Defendant"). The first motion seeks to prohibit Plaintiff from introducing, referencing, arguing, or soliciting testimony about "Diabetes and Employment," an article offered by Plaintiff. (Doc. 38.) The second motion seeks to prohibit Plaintiff from soliciting testimony from Charles Heiney beyond his personal knowledge and from soliciting Heiney's personal opinions and hearsay testimony. (Doc. 40.) These motions are ripe for disposition. For the reasons that follow, the court will grant Defendant's motion to preclude Plaintiff's use of the article, and will grant in part and deny in part Defendant's motion regarding the testimony of Heiney.[1]

---

[1] The pertinent factual and procedural background of this case was recently provided in the court's January 14, 2014 memorandum and order. (Doc. 55.)

## I. Article Titled "Diabetes and Employment"

In its first motion in limine (Doc. 38), Defendant seeks to prohibit Plaintiff from introducing, referencing, arguing, or soliciting testimony about an article titled, "Diabetes and Employment" (*see* Doc. 29, pp. 21-27), arguing that the article is inadmissible hearsay (Doc. 39, p. 2). Hearsay is an out of court statement that is offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Such a statement is inadmissible, unless it falls under a recognized exception to the prohibition against hearsay. Fed. R. Evid. 802.

Plaintiff referenced the article in his opposition to Defendant's motion for summary judgment to argue that Defendant's medical guideline concerning individuals with diabetes is not based on current medical knowledge. (*See* Doc. 29, p. 3.) Specifically, Plaintiff quoted several statements from the article to argue that a hemoglobin A1c test ("HgA1C") is not useful in determining whether an individual is a safety risk, and to support his proposition that using a diabetic's level of blood sugar "control," or lack thereof, is not relevant to his or her qualifications to safely perform a particular job. (*Id*.) Plaintiff also cited the article in support of his argument that most diabetics can manage their condition in such a manner that there is minimal risk of incapacitation. (*Id*. at p. 9.) The court granted Defendant's motion to strike the article at the summary judgment level. (Doc. 54.) Defendant now anticipates that Plaintiff will attempt to introduce the article into evidence at trial or to have Plaintiff's treating physician, Dr. Caruso, testify about the content of the article. (Doc. 39, pp. 2-3.)

Defendant argues that the article should be excluded because the information contained in the article is hearsay. (Doc. 37, p. 3 of 12.) In addition,

2

Defendant contends that Plaintiff has no means to make the article admissible at trial as Plaintiff did not provide an expert witness report by the court's scheduling deadline of January 28, 2013, and Plaintiff's treating physician, Dr. Caruso, is not an expert witness. (*Id.* at p. 4 of 12.)

Plaintiff argues in response that he does not intend to introduce the article as evidence at trial, but argues that Dr. Caruso should not be prohibited from referring to the substance of the article in her testimony because the information in the article is consistent with and supportive of her deposition testimony. (Doc. 45, pp. 1-2.) In addition, Plaintiff contends that, while Dr. Caruso is not designated as an expert witness, she is Plaintiff's treating physician and is entitled to testify as to the basis of her opinions relating to her treatment of Plaintiff and her correspondence with Defendant. (*Id.*)

Upon consideration of the parties' positions, the court concludes that the article is inadmissible hearsay. *See* Fed. R. Evid. 803(18). Dr. Caruso is not an expert; therefore, her testimony is limited to her treatment of Plaintiff. Her opinions in this regard were not based on an article published after her treatment of Plaintiff during the relevant time. Thus, the court will grant Defendant's motion in limine (Doc. 38), and prohibit Plaintiff from introducing, referencing, arguing, or soliciting testimony about the article at trial.

## II.     **Charles Heiney's Testimony**

Defendant seeks to exclude the testimony of Charles Heiney related to his observations and opinions concerning both Defendant's employment of and accommodations for other diabetics, and the conductor position in general,

particularly with regard to work schedules, opportunities to eat, physical and mental requirements, and safety risks. (Doc. 41, p. 2.) Defendant argues that this testimony should be excluded as beyond Heiney's personal knowledge or is otherwise inadmissible opinion testimony.

### **A. Lack of personal knowledge challenges to Heiney's testimony**

Federal Rule of Evidence 602 permits a witness to "testify to a matter only if sufficient evidence is introduced to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Evid. 602. Rule 602 creates a low threshold of admissibility; witness testimony should be admitted if the judge could reasonably find that the witness perceived the event. *Sullivan v. Warminster Twp.*, 461 F. App'x 157, 162 (3d Cir. 2012). However, this should not extend so far as to allow witness testimony that is merely based on speculation. *See Palfrey v. Jefferson–Morgan Sch. Dist.,* Civ. No. 06–CV–1372, 2008 WL 4412230, *12 (W.D.Pa. Sept. 25, 2008).

Defendant argues that Heiney should be precluded from testifying beyond his personal knowledge about (1) extraboard conductors' work schedules, (2) conductors' opportunities to eat during work, (3) the physical demands of the conductor position, and (4) other diabetics who work for Defendant, including an accommodation provided to a diabetic employee. (*Id*. at pp. 2-3.)

Based on Heiney's extensive employment as an engineer and the undisputed evidence that engineers work closely with conductors, the court will permit him to testify about extraboard conductors' work schedules, conductors' opportunities to eat on the job, and the physical demands of the position. Heiney

4

may not provide speculative testimony, but only information to which he can attest with his own first-hand knowledge based on the shifts he worked and the conductors with whom he worked. In doing so, Heiney should be specific. If plaintiff fails to lay a proper foundation for Heiney's testimony, the court will entertain an objection from Defendant at that time. *See* Fed. R. Evid. 602. Thus, Defendant's motion is granted to the extent it seeks to exclude testimony from Heiney beyond his personal knowledge.

Likewise, Defendant's motion in limine is granted to the extent it seeks to exclude Heiney's testimony regarding Defendant's employment of and accommodations for other diabetics beyond his personal knowledge. Heiney can testify pursuant to Federal Rule of Evidence 602 as to his personal knowledge of these matters. If, at trial, Defendant fears Heiney's testimony will exceed its permissible scope, Defendant is invited to make an objection and the court will assess Heiney's testimony following a proffer.

### B. Inadmissible opinion testimony challenges to Heiney's testimony

In response to Defendant's motion for summary judgment, Plaintiff offered a declaration from Heiney stating, *inter alia*, as follows:

> Paragraph 17: Under the safety rules of [NSRC], an accident should never happen even in the event a conductor becomes incapacitated.
>
> Paragraph 20: The conductor's job is not physically demanding or strenuous. Conductors rarely lift a knuckle alone.
>
> Paragraph 21: It is highly unlikely, if not impossible, that a conductor's failure to remain alert for even one second can result in a catastrophe.

5

> Paragraph 22: Occasionally, signals are "dark" or obstructed. In such situations the train is stopped until [instructions] are obtained. If the conductor misses a signal which the engineer also misses, the train is stopped until instructions are obtained.

(Doc. 31-2, ¶¶ 17, 20-22.) Defendant argues that these statements are inadmissible opinion testimony under Federal Rule of Evidence 701 because the statements are not rationally based on Heiney's perception and would not be helpful to the jury. (Doc. 41, pp. 7-8.)

Federal Rule of Evidence 701 limits lay opinion testimony to that which is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The court concludes that Heiney's testimony contained in Paragraphs 20 and 22 meet this criteria. Defendant can demonstrate the limits of the Heiney's knowledge on cross-examination. In any case, the court cannot anticipate the exact contents of the testimony at this time. The court will, of course, entertain an appropriate objection to particular testimony offered at trial.

However, the court will grant Defendant's motion in limine as to the testimony prooffered in Heiney's declaration at Paragraphs 17 and 21 because the statements are highly speculative and conclusory in nature, and the declaration offers nothing to show that Heiney is competent to testify on such matters.

### III.        Conclusion

Based on the foregoing reasons, the court will grant Defendant's motion in limine challenging the admissibility of the article, and will grant Defendant's

motion in limine to the extent it challenges Heiney's testimony beyond his personal knowledge and his statements set forth in paragraphs 17 and 21 of his declaration.

An appropriate order will issue.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: January 17, 2014.